FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JUN 14 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

DIONICIO MATIAS GALLARDO,

Defendant.

---

11-CR-17

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On March 8, 2011, Dionicio Matias Gallardo pleaded guilty to a single count indictment, which charged that on November 25, 2010 the defendant, an alien, who had previously been deported from the United States after a conviction for a felony, was found in the United States without proper approval from the United States government in violation of 8 U.S.C. §§ 1326(a) and (b)(1). Gallardo was sentenced on May 12, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 10 and defendant's criminal history category to be category V, yielding a guidelines range of imprisonment of between 21 and 27 months. The calculation of the total offense level included a 4-point enhancement because he was previously deported after a felony conviction for a crime of violence and a 2-point deduction for acceptance of responsibility. The offense carried a maximum term of imprisonment of ten years. *See* 8 U.S.C. § 1326 (b)(1). The guidelines range of fine was from $7,500 to $75,000.

Gallardo was sentenced to one year and one day incarceration and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. *Cf.* Abe Cho, Note, *Lowering Sentences for Illegal Immigrants? Why Judges Should Have Discretion to Vary from the Guidelines Based on Fast-Track Sentencing*

*Disparities*, 43 Colum. J. L. & Soc. Probs. 447 (2010) (arguing federal district judges have discretion to impose lower sentences in immigration cases to avoid sentencing disparities with "fast-track" programs found predominately in southwest border states).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Illegal entry into the United States is a serious crime. This is the third time defendant has entered the country illegally. A sentence of one year and one day reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). A guideline sentence would impose too much of a financial burden on the taxpayers.

Defendant was working in construction prior to his arrest. His repeated trips to the United States were for economic reasons because he was able to obtain work. The crimes he committed occurred mainly when he was in his teenage years and were due to his drug addiction.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in illegal re-entry into the United States will result in a prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to come to the United States in the future. He was informed that any subsequent re-entries would result in a substantial prison term. It is unlikely that he will engage in further criminal activity in light of his remorse for his past crimes and desire to be a productive citizen in Mexico.

												  /s/ Jack B. Weinstein
												  Jack B. Weinstein
												  Senior United States District Judge

Dated: May 12, 2011
Brooklyn, New York